# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DART INDUSTRIES, INC.,**
               **Plaintiff,**

**-vs-**                                                 **Case No. 6:06-cv-1864-Orl-28DAB**

**DAVID ACOR,**
**UNITED INVENTORY SERVICE, INC.,**
**d/b/a UIS Polymers,**
               **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL DEPOSITION OF THOMAS ROEHLK (Doc. No. 67)**
>
> **FILED:**      April 22, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

As the prospective deposition was never noticed, technically, the motion is premature and there is nothing for the Court to compel. In view of Plaintiff's response to the motion, however, the Court treats the issue as a request for protective order and resolves the matter on the merits.

The would-be deponent is the Secretary, Chief Legal Officer and Executive Vice-President of Tupperware Brands Corporation, according to his Affidavit (Doc. No. 69-2). He avers that he was not personally involved in the management of the Plant or in efforts to sell the Plant, and states that he has "no first-hand, personal knowledge of the facts underlying this matter." *Id.* According to the

Affidavit, his "only knowledge as to the facts underlying this matter, if any, comes from information reported to me by Tupperware and/or Dart Employees[1] in connection with my role as Chief Legal Officer for Tupperware and, principally, in order to receive legal advise [sic] and guidance from me for the benefit of Tupperware." *Id.*

By contrast, Defendants assert that at issue in this matter is the fair market value of the warehouse, which was destroyed by fire on November 6, 2006, and Mr. Roehlk has knowledge of the property and its value or lack thereof. As evidence of this knowledge, Defendants point to an email exchange attached to the motion (Doc. No. 67-2), which indicates that on January 25, 2006, nine months before the fire, Roehlk responded to an inquiry (apparently from a Dart executive) as to whether he thought "we" would be willing to accept $2.5 million for the property.

Roehlk asserts two grounds for avoidance of his deposition: 1) that he has no first-hand knowledge of the facts that is not privileged; and 2) as a high ranking officer in the corporation, he is protected by the apex doctrine.

Roehlk was not being asked to provide legal advice with respect to the asking price in January 2006. Indeed, the email is not claimed by Plaintiff as attorney-client privileged communication. Thus, although Roehlk disclaims any knowledge of non-privileged information, this communication indicates that he does have some knowledge regarding the underlying facts of this matter, which is not privileged. Merely having some knowledge, however, is not sufficient to override the protections of the apex doctrine.

---

[1] Dart Industries, Inc. is a wholly owned subsidiary of Tupperware. (Doc. No. 69-2).

"A protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no *unique* knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge." *McMahon v. Presidential Airways, Inc.,* 2006 WL 5359797 (M.D. Fla. Jan. 18, 2006) (slip opinion) (emphasis added).  Here, there is no question that Roehlk is a high ranking officer, and while the Court is willing to accept Defendants' representation that he has knowledge of at least one matter in dispute, there is nothing to suggest that his knowledge, which he avers to be second hand and based on hearsay reports of others, is unique so as to override the general rule.  The motion to compel is **denied.**  Plaintiff, for its part will be precluded from using Mr. Roehlk as a witness in any way.

> **MOTION:**       **MOTION FOR LEAVE TO TAKE ELEVENTH DEPOSITION (Doc. No. 68)**
>
> **FILED:**           April 23, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot, as the motion was contingent on the Court allowing the deposition of Mr. Roehlk as the tenth witness.

   **DONE** and **ORDERED** in Orlando, Florida on May 7, 2008.

*David A. Baker*
   DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record