# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DART INDUSTRIES, INC.,**
                **Plaintiff,**

**-vs-**                                                     **Case No. 6:06-cv-1864-Orl-28DAB**

**DAVID ACOR,**
**UNITED INVENTORY SERVICE, INC.,**
**d/b/a UIS Polymers,**
                **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES (Doc. No. 152)**
>
> **FILED:**      **November 19, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The motion is premature as judgment has not been entered (Rule 54, Fed. R. Civ. P.) and is inadequately supported, in any event.

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for

similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985). With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Here, Defendant offers nothing but conclusory affidavits regarding the fees incurred for the *entire case.* No effort has been made to tailor the request to reflect work done on the sole count at issue, nor is there any showing that the hours or rates charged were reasonable. The motion is **denied.** It may be renewed, if appropriate, after entry of final judgment, if it reflects compliance with the above standards.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record