**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DART INDUSTRIES, INC.,**
                **Plaintiff,**

**-vs-**                                                                   **Case No. 6:06-cv-1864-Orl-28DAB**

**DAVID ACOR,
UNITED INVENTORY SERVICE, INC.,
d/b/a UIS Polymers,**
                **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 227)**
>
> **FILED:** January 7, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### *INTRODUCTION*

On December 6, 2006, Plaintiff filed a complaint against Defendants David Acor ("Acor") and United Inventory Service, Inc. ("UIS"), asserting nine counts: breach of contract, fraudulent misrepresentation, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, unjust enrichment, waste, trespass, deceptive and unfair trade practices, and declaratory and injunctive relief (Doc. No. 1). Defendants answered the Complaint and asserted sixty-four affirmative defenses and counterclaimed for negligence and conversion. On competing motions for summary

judgment, the District Court ruled, in pertinent part, that Tennessee law governs the tort claims in the case, and thus, the count for deceptive and unfair trade practices brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), was not viable (Doc. No. 144).[1]

The case eventually proceeded to jury trial on certain remaining counts and, prior to the submission of the case to the jury, the Court granted motions for judgment as a matter of law brought by both sides, resolving all of Plaintiff's remaining legal claims and Defendant's negligence counterclaim (Doc. No. 186). Following the withdrawal of certain claims and the Court's findings with respect to other claims, the Court directed the Clerk to enter judgment "providing that Plaintiff shall take nothing on its claims against Defendants and that Defendants shall take nothing on their counterclaims against Plaintiff" (Doc. No. 186). Significantly, costs were not awarded to either party.

Defendant UIS appealed and Dart cross-appealed and the judgment was affirmed, in all respects (Doc. No. 226). Interestingly again, it appears that costs on appeal were not awarded to either party.

Prior to the entry of judgment, Defendants filed a motion for attorney's fees (Doc. No. 152) which the Court denied as premature and inadequately supported (Doc. No. 156). While the appeal was pending, Defendants renewed their motion for attorney's fees (Doc. No. 194), which the Court denied, without prejudice to reassertion after completion of the appellate process (Doc. No. 197). Following issuance of the mandate in this case, Defendants filed the instant motion, seeking fees in

---

[1] Significantly, the District Court found that Florida's choice of law rules governed the case and resulted in the application of Tennessee law which did not include application of FDUTPA (Doc. No. 144). The Court specifically noted that in light of that conclusion, "the Court need not address whether Dart's FDUTPA claim is otherwise viable on the facts of this case." (Doc. No. 144 at fn 15).

excess of $240,000.00 for work performed throughout the entire case.[2] Plaintiff has filed a response (Doc. No. 228), and the motion is now ready for resolution. For the reasons set forth herein, it is **respectfully recommended that the motion be denied.**

## *ISSUES AND ANALYSIS*

Defendants predicate their motion entirely on application of Fla. Stat. § 501.2105, FDUTPA, which provides, in pertinent part:

> (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

West's F.S.A. § 501.2105. While the Court agrees with the general principle set forth by Defendants that prevailing defendants can recover under the Act, in the unique circumstances present here, the Court finds Defendants are not entitled to an award of fees.

*The Act does not apply*

In *MGB Homes, Inc. v. Ameron Homes, Inc.,* 30 F. 3d 113 (11th Cir. 1994), the Court set forth the rationale behind awarding fees to prevailing defendants. There, a home builder brought an action against a competitor, alleging copyright infringement and violation of FDUTPA. The District Court entered judgment in favor of the home builder, and the competitor appealed. The appellate court reversed that judgment, holding that the Act does not apply to suits between competitors, *MGB Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486 (11th Cir. 1990), and the competitor then sought attorneys fees under FDUTPA. The District Court awarded the competitor attorney's fees, and the home builder appealed. In *MGB Homes, Inc. v. Ameron Homes, Inc.*, 30 F. 3d 113 (11th Cir. 1994),

---

[2]Defendants contend that the claims are so intertwined that it would be "impossible" to allocate time solely to the defense of the FDUTPA claim. As a result, save for a minute amount of time which counsel concedes was unrelated to the FDUTPA claim ($1,385.50), Defendants seek complete reimbursement of all fees and costs incurred for the defense of the case, and prosecution of the counterclaims.

-3-

the appellate court held that the competitor was entitled to an award of fees under FDUTPA. In so holding, the Court explained as follows:

> MGB first argues that because the DTPA does not apply to competitors, Ameron could not take advantage of the DTPA provision entitling the prevailing party in a DTPA action to attorney's fees. Were that Florida law, however, no prevailing defendant ever would be entitled to attorney's fees under the DTPA, for by definition defendants prevail *by demonstrating the inapplicability of the DTPA to their actions.* Florida courts consistently have adopted the position advocated by Ameron in allowing prevailing defendants to collect attorney's fees:
>
>> The plaintiff, as appellee, attempts to support the order appealed on the basis that once the trial court had found the [DTPA] Act "inapplicable," it could not then utilize the act for the purpose of granting the prevailing defendant an attorney's fee. *It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff.* To some degree, such is the result in every case where a defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney's fee because he did not prevail.

30 F.3d at 115 (emphasis added and internal citations omitted). Here, by stark contrast, Defendants can not be said to have "prevailed" because the Act itself was never "applied to Defendants' actions." Indeed, the District Court pointedly noted that it did *not* apply the Act to the facts of the case, because it applied the choice of law provisions and concluded that Tennessee law, not Florida law, applied. This conclusion was not contested on appeal and is thus the law of the case. As Tennessee law applies to the FDUTPA claim in this case, Defendants must show entitlement to fees for this claim under Tennessee law. As they have failed to do so, the Court finds that, as the liability provisions were inapplicable as a matter of law, the fee provisions are likewise inapplicable.[3]

*Defendants are not prevailing parties*

---

[3] In so finding, it is important to note that this is not a case where a Plaintiff could not prove an element of the Act on facts presented: rather, the Court ruled that irrespective of the facts, it would not apply the Act. Having received the benefit of this ruling (that the Act is inapplicable under Tennessee law) it is only fair that Defendants be bound by the necessary implications of the ruling. Indeed, any other conclusion is logically unsupportable and inherently unfair.

Even if the Court were to find that the Act was somehow applicable here, Defendants have failed to show that they were prevailing parties. In addition to demonstrating that they recovered judgment on the FDUTPA claim, to recover fees under Section 501.2105 the movant must also demonstrate that it recovered a net judgment in the entire case. *CrossPointe, LLC v. Integrated Computing, Inc.,* 2007 WL 1192021, 4 (M.D. Fla. 2007), citing *Gardner v. Nimnicht Chevrolet Co.,* 532 So.2d 26, 28 (Fla. 1st DCA 1988); *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So.2d 266, 270 (Fla. 1st DCA 1985). There is no such showing here. The judgment reflects that both sides brought claims and *neither* side prevailed on any of them. Tellingly, *neither* side was awarded costs which are routinely awarded as a matter of course to the "prevailing party." Rule 54, Federal Rules of Civil Procedure. As is plain, Defendants did not recover a net favorable judgment in the entire case, and are therefore not entitled to fees, even if the Act applied.

*The equities mandate against fees*

The awarding of attorneys' fees under FDUTPA is not mandatory, and the entitlement to such an award is determined in the sound discretion of the trial court. *See Humane Soc. of Broward County, Inc. v. Florida Humane Soc.,* 951 So.2d 966, 968 (Fla. 4th DCA 2007) (delineating factors that a court may consider as including: 1) scope and history of the litigation; 2) ability of the opposing party to satisfy an award of fees; 3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; 4) the merits of the respective positions – including the degree of the opposing party's culpability or bad faith; 5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable or groundless; 6) whether the defense raised a defense mainly to frustrate or stall; and 7) whether the claim brought was to resolve a significant legal question under FDUTPA). The motion does not present a compelling case for an award based on these factors. Here,

as reflected in the judgment, the Court dealt with a most unusual situation, resulting in neither side prevailing on any of their claims. In such a situation, where neither side "won," the Court sees no reason to shift that just result to allow one side its fees.[4] *See, e.g., CrossPointe, LLC v. Integrated Computing, Inc.*, 2007 WL 1192021 (M.D. Fla. 2007) (declining to award attorney's fees based on, among other reasons, the equities in the case).

For the reasons set forth above, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 11, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[4] Further, although unnecessary in light of the recommendation that no fees be awarded, the Court cannot find that, as urged by Defendants, the claims were so interwoven that fees are warranted for the entire case, and not just fees for time spent in defense of the FDUTPA claim. Defendants' assertion is particularly problematic because the FDUTPA claim was resolved on choice of law grounds rather than the merits.